**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| **PATRICE CANTON,** | |
| **Plaintiff,** | 1:05-cv-143 |
| v. | |
| **KMART CORPORATION,** | |
| **Defendant.** | |

**TO:** Lee J. Rohn, Esq.
Eugenio W.A. Geigel-Simounet, Esq.

## ORDER REGARDING PLAINTIFF'S MOTION FOR SANCTIONS

THIS MATTER came before the Court upon Plaintiff's Motion For Sanctions For Spoliation of Evidence (Docket No. 132). Defendant filed an opposition to said motion, and Plaintiff filed a reply thereto.

Courts have defined spoliation as "'the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably forseeable [sic] litigation.'" *Mosaid Technologies, Inc. v. Samsung Electronics Co., Ltd.*, 348 F. Supp. 2d 332, 335 (D.N.J. 2004) (citations omitted). It is well settled that "[e]vidence of spoliation may give rise to sanctions." *Id*. Both the Federal Rules of Civil Procedure and this Court's inherent powers authorize the Court to impose sanctions. *Scott*

*v. IBM Corporation*, 196 F.R.D. 233, 247-48 (D.N.J. 2000). "Sanctions for spoliation range from an adverse jury instruction to judgment against the offending party." *White v. Pulver Systems, Inc.*, No. Civ. A. 96-CV-6788, 1998 WL 575123 at *2 (E.D. Pa. September 8, 1998). In her motion, Plaintiff specifically requests an adverse inference. As explained by the *Mosaid* court:

> [T]he spoliation inference is an adverse inference that permits a jury to infer that "destroyed evidence might or would have been unfavorable to the position of the offending party." *Scott*, 196 F.R.D. at 248. This inference is predicated upon the common sense observation that when a party destroys evidence that is relevant to a claim or defense in a case, the party did so out of the well-founded fear that the contents would harm him. *Brewer v. Quaker State Oil Refining Corp.*, 72 F.3d 326, 334 (3d Cir. 1995); *Schmid*, 13 F.3d at 78.

*Mosaid*, 348 F. Supp. 2d at 335-36.

Plaintiff claims that she is entitled to the sanction of an adverse inference for spoliation of evidence based upon her allegation that Defendant failed to maintain certain evidence, namely photographs taken after the alleged incident, the bottle containing the substance alleged to have caused the incident, and surveillance video.

In the matter at bar, Defendant concedes that Defendant took photographs following the alleged incident, but that the photographs "were either involuntarily misidentified or misplaced and could not be located." Opposition at 2. The Court finds that such photos were not intentionally destroyed or discarded by Defendant.

With regard to the soap container, Plaintiff complains that Defendant "failed to secure the bottle . . . ." Motion at 3. The bottle itself was preserved, though, as evidenced by the deposition testimony referenced by Plaintiff.[1] *Id.* at 3-4. In addition, Defendant has produced correspondence written to counsel for Plaintiff regarding the same[2] and also represents that, "[o]n March 6, 2008[,] plaintiff's counsel's representative appeared at undersigned counsel's office for examination and taking pictures of the container." Opposition at 2. Consequently, the Court finds that Defendant did not fail to preserve the soap container as evidence.

Plaintiff further claims that Defendant failed to preserve or destroyed any videotape evidence of the underlying incident. Plaintiff, however, has not and cannot demonstrate that any videotape evidence, in fact, ever existed. Rafael Arroyo stated that he did not know "whether or not on the date and time of the accident there was a video camera positioned in such a manner that the incident would have been recorded." Transcript of

---

1. Counsel for Plaintiff asks: "And you have the actual bottle?", and Rafael Arroyo responds, "Yes." Transcript of Oral Deposition of Rafael Arroyo, 30(b)(6) witness for Kmart Corporation, December 27, 2006, at 40 (a copy of which is filed as Attachment # 10 with Plaintiff's Motion For Sanctions (Docket No. 132)).

2. Correspondence dated February 14, 2008, to Lee J. Rohn, Esq., from Eugenio W.A. Geigel Simounet (a copy of which is filed as Attachment #3 with Defendant's Opposition to Plaintiff's Motion For Spoliation (Docket No. 134)).

Oral Deposition of Rafael Arroyo, December 27, 2006, at 19.[3] Magnolia Duff-Rames, a Kmart employee on duty at the time of the alleged incident, also stated that she did not know if any "cameras were positioned in such a manner that, if they were pointed in that direction or if they were on, could have recorded the incident." Transcript of Oral Deposition of Magnolia Duff-Rames, June 7, 2007, at 51.[4] Based upon this testimony, and in the absence of any affirmative evidence provided by Plaintiff that surveillance video actually existed of the alleged accident, the Court finds that no surveillance videotape existed such that Defendant had a duty to maintain it.[5]

Based upon the foregoing, the Court finds that no adverse inference is warranted with regard to the soap container or the alleged videotape. The Court finds that the misplacement of the photographs does constitute spoliation and will allow Plaintiff an adverse jury instruction regarding the same.

Plaintiff is entitled to the spoliation inference only upon the satisfaction of four elements:

---

3. A copy of this transcript is filed as Attachment #10 with Plaintiff's said motion (Docket No. 132).

4. A copy of this transcript is filed as Attachment #2 with Plaintiff's said motion (Docket No. 132).

5. The facts of this matter are distinguishable from the case relied upon by Plaintiff, *viz.*, *Bright v. United Corp*, 2008 V.I. Supreme LEXIS 14 (V.I. S. Ct. July 22, 2008), wherein it was undisputed that video surveillance footage existed and where the Supreme Court of the Virgin Islands specifically found that the defendant intentionally destroyed relevant parts of that footage. *Id*. at *15-16.

> First, "it is essential that the evidence in question be within the party's control." *Brewer*, 72 F.3d at 334 (citing *Gumbs v. International Harvester, Inc.*, 718 F.2d 88, 96 (3d Cir. 1983)). Second, "it must appear that there has been actual suppression or withholding of the evidence." *Id*. Third, the evidence destroyed or withheld was relevant to claims or defenses. *Scott*, 196 F.R.D. at 248; *Veloso v. Western Bedding Supply Co.*, 281 F. Supp. 2d 743, 746 (D.N.J. 2003). And fourth, it was reasonably foreseeable that the evidence would later be discoverable. *Scott*, 196 F.R.D. at 248; *Veloso*, 281 F. Supp. 2d at 746. "While a litigant is under no duty to keep or retain every document in its possession, even in advance of litigation, it is under a duty to preserve what it knows, or reasonably should know, will likely be requested in reasonably foreseeable litigation." *Scott*, 196 F.R.D. at 249.

*Mosaid*, 348 F. Supp. 2d at 336. Plaintiff clearly has established the first, third, and fourth elements. With regard to the second element, Defendant claims that the "pictures would not consciously be destroyed." Opposition at 3.

It is true that some courts in this jurisdiction have held that an adverse inference is appropriate only where the spoliation is intentional. *See, e.g., Brewer v. Quaker State Oil Refining Corp.*, 72 F.2d 326 (3d Cir. 1995) (citing 31A C.J.S. Evidence § 156(2); 29 Am.Jur.2d Evidence § 177) ("No unfavorable inference arises when the circumstances indicate that the document or article in question has been lost or accidentally destroyed, or where the failure to produce it is otherwise properly accounted for"); *Veloso v. Western Bedding Supply Co., Inc.*, 281 F. Supp. 2d 743, 746 (D.N.J. 2003) (citing *Brewer*); *Scott*, 196 F.R.D. at 248 (D.N.J.

2000) (citing *Brewer*). However, the Court previously has adopted the approach articulated by the *Mosaid* court:

> Having considered the two different approaches courts take under the Third Circuit's "actual suppression" standard, and the Third Circuit's characterization of the spoliation inference as a lesser sanction, this Court believes the flexible approach is the better and more appropriate approach. Primarily, the spoliation inference serves a remedial function-leveling the playing field after a party has destroyed or withheld relevant evidence. As long as there is some showing that the evidence is relevant, and does not fall into one of the three categories enumerated in *Schmid*, the offending party's culpability is largely irrelevant as it cannot be denied that the opposing party has been prejudiced. Contrary to Samsung's contention, negligent destruction of relevant evidence can be sufficient to give rise to the spoliation inference. If a party has notice that evidence is relevant to an action, and either proceeds to destroy that evidence or allows it to be destroyed by failing to take reasonable precautions, common sense dictates that the party is more likely to have been threatened by that evidence. *See Schmid*, 13 F.3d at 78. By allowing the spoliation inference in such circumstances, the Court protects the integrity of its proceedings and the administration of justice.

*Id*. at 338 (footnotes omitted) (cited in *Dowling v. United States Government*, No. 2000-CV-0049, 2008 WL 5046853 at *1 (D.V.I. November 20, 2008) (slip copy). Although Defendant, here, did not "destroy" the photographs, at the same time, it did not take "reasonable precautions" to preserve the evidence, despite knowing that the evidence was relevant and that litigation was reasonably foreseeable. *See* Opposition at 2-3. Thus, the Court finds that Defendant was negligent is failing to preserve the evidence, s*ee, e.g., Centimark Corp. v. Pegnato & Pegnato Roof Management, Inc*., Civil Action No. 05-708, 2008 WL 1995305 at *5

(W.D. Pa. May 6, 2008) (citing *Mosaid*, 348 F. Supp. at 336), and that such negligence prejudices Plaintiff. Consequently, the Court finds that Plaintiff is entitled to the sanction of a spoliation inference jury instruction with regard to the photographs. *Paris Business Products, Inc. v. Genisis Technologies, LLC*, Civil No. 07-0260 (JBS), 2007 WL 3125184 at *3 (D.N.J. October 24, 2007)(where the court declares, "[B]ecause the Individual Defendants were unquestionably put on notice regarding the relevance of the evidence . . . and because the record in this case indicates that the evidence in question has disappeared while under the defendants' control, the Court finds Plaintiff has met its burden to show that there has been "actual suppression or withholding of the evidence." (citation omitted)).

    WHEREFORE, it is now hereby **ORDERED**:

1. Plaintiff's Motion For Sanctions For Spoliation of Evidence (Docket No. 132) is **GRANTED IN PART AND DENIED IN PART**.

2. At trial, Plaintiff is entitled to a jury instruction containing the spoliation inference only with regard to the photographs taken by Defendant after the alleged incident.

                                            ENTER:

Dated: July 10, 2009                                        /s/ George W. Cannon, Jr.
                                                                        GEORGE W. CANNON, JR.
                                                                        U.S. MAGISTRATE JUDGE