**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | | |
|---|---|---|
| **PATRICE CANTON** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **KMART CORPORATION** | : | **NO. 05-0143** |

**MEMORANDUM OPINION**

**SAVAGE, J.**                                                                                                          February 12, 2010

In this personal injury case arising out of a slip and fall in a retail store, the defendant Kmart Corporation ("Kmart"), the store owner, has moved for summary judgment, arguing that there is insufficient evidence to establish that it had notice of the substance on the floor that allegedly caused the plaintiff, Patrice Canton ("Canton"), to slip and fall. In the alternative, Kmart argues that Canton failed to notice an obviously dangerous condition, specifically, lavender colored soap on a white floor.

Opposing the motion, Canton contends that Kmart had both actual and constructive notice of the substance. She asserts that Kmart had actual notice of the spill because an unidentified employee acknowledged that she did not respond when informed of the spill. Alternatively, she argues that Kmart, at least, had constructive notice because the slippery substance had been on the floor long enough before the incident for Kmart to have known about it. Thus, our inquiry is whether Canton has presented sufficient evidence from which a jury could determine that Kmart had actual or constructive notice of the dangerous condition.

After a careful and thorough review of the record in a light most favorable to Canton and drawing all reasonable inferences in her favor, we conclude that there is insufficient evidence from which a reasonable jury could conclude that Kmart had notice of the spill.

Canton's evidence of notice rests on inadmissible hearsay and speculation. Therefore, summary judgment will be entered in favor of Kmart and against Canton.

## Summary of Judgment Standard

Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In examining Kmart's motion, we must view the facts in the light most favorable to Canton, the nonmoving party, and draw all reasonable inferences in her favor. *Intervest, Inc. v. Bloomberg, L.P.*, 340 F.3d 144, 159-60 (3d Cir. 2003).

As the party moving for summary judgment, Kmart bears the initial burden of demonstrating that there are no genuine issues of material fact. Fed. R. Civ. P. 56(c). To defeat summary judgment, Canton cannot rest on the pleadings. She must come forward with probative evidence establishing the prima facie elements of her claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986); *Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 594 (3d Cir.2005). She must show more than the "mere existence of a scintilla of evidence" for elements on which she bears the burden of production. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). An inference based upon speculation or conjecture does not create a material fact. *Robertson v. Allied Signal, Inc.*, 914 F.2d 360, 382 n. 12 (3d Cir. 1990). Thus, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted).

**Discussion**[1]

On April 24, 2005, while shopping at the Kmart store in Sunny Isle Mall on St. Croix, Canton slipped and fell. After her fall, Canton noticed liquid soap on the floor and that her pant leg was wet.

Kmart's video surveillance system did not record Canton's slip and fall.[2] Yet, while no one witnessed Canton's actual fall, several Kmart employees and other witnesses observed the area shortly afterward. These witnesses confirmed the existence of soap on the floor after Canton fell. A partially filled bottle of Dial liquid soap was observed on a nearby shelf in the same area in which Canton had fallen.

A business owner owes a duty to its customers to maintain the business premises in a reasonably safe condition. Restatement (Second) of Torts §343 (1965)[3]; *David v. Pueblo Supermarket of St. Thomas*, 740 F.2d 230, 236 (3d Cir. 1984). This duty requires the business owner to take reasonable care to ascertain the actual condition of the premises so that it can eliminate dangerous conditions or warn customers of the conditions and the risk involved. Restatement (Second) of Torts §343, cmt. d (1965).

---

[1] The facts are recited in the light most favorable to Canton and given all reasonable inferences in her favor.

[2] In her statement of undisputed facts, Canton alleges that Kmart purposefully destroyed video footage of the incident and stated her intent to file a motion as to spoilation of evidence. Pursuant to an Order dated July 10, 2009 (Document No. 136), Magistrate Judge George Cannon denied Canton's motion for an inference of spoilation as to the alleged destruction of video surveillance. Judge Cannon found that the evidence indicated that no video footage of the incident existed. However, Judge Cannon did grant Canton's motion with respect to photographs taken by Kmart after the alleged incident. He found that Kmart was negligent in preserving the photographs entitling Canton to an inference of spoilation.

[3] Absent contrary local law, the restatements of the law approved by the American Law Institute are considered binding law in the Virgin Islands. V.I. Code Ann. Tit. 1,§ 4; *see Williams v. United Corp.*, S. Ct. Civ. No. 2007-118, 2008 WL 2714211, at *3 n.3 (V.I. July 10, 2008); *Saldana v. Kmart Corp.*, 260 F.3d 228, 233 (3d Cir. 2001).

The mere existence of a dangerous condition or the happening of an accident on a business premises is not evidence of a breach of duty of care nor does it raise a presumption of negligence. *See David*, 740 F.2d at 233; *Mills v. Sears, Roebuck & Co.*, Civil Action No. 97-3282, 1998 WL 229571, at *2 (E.D. Pa. Apr. 28, 1998) (applying Restatement (Second) of Torts § 343). To establish a breach of duty, a plaintiff must prove that the owner had actual or constructive notice of the dangerous condition. *David*, 740 F.2d at 233. Failure to offer evidence from which the fact finder could conclude that the owner had notice of the dangerous condition is fatal to the plaintiff's claim. *See, e.g., Saldana v. Kmart Corp.*, 260 F.3d 228, 232-35 (3d Cir. 2001) (affirming district court's grant of summary judgment because plaintiff failed to produce any evidence as to how long the substance upon which she slipped and fell had been on the floor).

"The mere presence of the foreign substance does not establish whether it had been there a few seconds, a few minutes, a few hours or even a few days before the accident." *David*, 740 F.2d at 236. Whether a defective condition on the floor in a store existed long enough so that it should have been discovered with the exercise of reasonable care is a question of fact for the jury. *Id*. at 236. To present the issue to the jury, the plaintiff must adduce some evidence, direct or circumstantial, that would allow the jury to infer that the substance had been on the floor "for some minimum amount of time before the accident." *Saldana*, 260 F.3d at 232.

There is no dispute that Canton slipped and fell; there was a slippery substance on the floor; and, Kmart did not warn her. The dispute is whether Kmart had or should have had notice of the liquid on the floor before the incident.

4

*Actual Notice*

To prove Kmart had actual notice of the spill, Canton relies solely on the testimony of Carolyn Roberts who testified that after the incident, she heard an unidentified Kmart employee say "[s]omeone did tell me something's on the floor. But I didn't go right away to see what it was." *Roberts Dep.*, pg. 20, 15-20. Roberts was unable to name the employee. Nor did she identify the person's job or title. The only description she can give is that the person was a slim woman with dark skin wearing a Kmart badge.

Roberts' testimony does not qualify as an admission by a party's agent or employee under Fed. R. Evid. 801 (d)(2)(D). It is classic hearsay. Roberts testified as to an out-of-court statement made by an alleged Kmart employee for the purpose of demonstrating that the employee had actual notice of the spilled soap.

Rule 801(d)(2)(D) provides that a declaration made "by a party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship" is admissible non-hearsay. *Fed. R. Evid.* 801(d)(2)(D). To qualify under Rule 801(d)(2)(D), the statement must concern a matter within the scope of the declarant's employment. *Blackburn v. U.P.S.*, 179 F.3d 81, 97 (3d Cir. 1999). Canton has provided little evidence to identify the Kmart employee allegedly overheard by Roberts. She provides no name, age, position or other employment information concerning the declarant. She vaguely describes this purported employee as a young, slim, dark-skinned woman wearing a Kmart badge.

Despite Canton's inability to identify the witness, we shall infer that she was a Kmart employee. But, that is not enough. Canton has not shown that this unidentified employee was speaking within the scope of her employment.

5

Without knowing the declarant's employment relationship or job position, one can not determine whether the statement regarding the spill fell within the scope of her employment. *See Hughey v. The Home Depot USA, Inc.*, No 08-03213, 2009 WL 2230717 *4 (E.D. Pa. July 23, 2009) (Robreno, J.) (without the identity of employee, unable to determine if an admission made within the scope of employment); *Carden v. Westinghouse Electric Corp.*, 850 F.2d 996, 1002 (3d Cir. 1988) (finding double hearsay declaration inadmissible as an admission of a party opponent because the original declarant was unknown. "[B]ecause [the declarants] are unidentified, the record could not, and does not, establish that [the statement] was within the scope of their employment");*U.S. v. Cruz*, 910 F.2d 1072, 1081 n. 10 (3d Cir. 1990) (without knowing the identity of a declarant, "the indicia of reliability embodied in the Fed. R. Evid. 801(d)(2)(D) non-hearsay definition were absent, and the statement had to be excluded."); *Zaken v. Boerer*, 964 F.2d 1319, 1324 (2d Cir. 1992) ("[W]ithout identification of the declarant, the statement . . . did not have a sufficient evidentiary foundation to establish the existence of an agency relationship as required under Rule 801(d)(2)(D)"). Thus, because the statement does not qualify as an admission by a party opponent, or another exclusion or exception to the hearsay rule, it is inadmissible as an unreliable out-of-court statement.

A look at Roberts' testimony reveals how unreliable it is. Her testimony is speculative. There is nothing in her testimony from which one could find when the alleged declarant learned of a spill or even whether it was the same spill. Indeed, Roberts testified that she was unaware of when the declarant had been told of the spill. *Roberts Dep.* pg. 24, 19-20. Roberts "guessed" that this person was responsible for the area where Canton

fell. She was "not sure" if the person was talking to another Kmart employee or someone else. *Id*. at 20 and 23. Nor did she know if this person was referring to the same area where Canton fell. *Id*. at 23. This evidence, standing alone, is insufficient to prove that Kmart had actual notice of the spill before Canton fell.

*Constructive Notice*

To prove that Kmart had constructive notice of the spill, Canton must show that the soap had been on the floor long enough for Kmart to have noticed it so that it should have been removed. *David*, 740 F.2d at 234; *Saldana v. Kmart Corp.*, 260 F.3d 228, 232-35 (3d Cir. 2001); *see also Mills*, 1998 WL 229571 at *3 ("Without some evidence as to the time period the liquid was on the floor, a jury would have to speculate how long the liquid was present.").

With respect to constructive notice, Canton points to the size of the spill and the presence of a three-quarters full bottle of Dial liquid soap with a partially removed cap on a shelf in the area where she fell. She contends that this evidence shows that the soap had been on the floor a "sufficient period of time to have been discovered" by Kmart. Plf.'s SOF. ¶ 7. Canton also argues that Kmart has not produced any evidence to show that it inspected the aisle prior to the accident.

There is no evidence that anyone else slipped on the substance or saw it before the Canton incident. Canton argues that because one-quarter of the Dial soap bottle had spilled, it had to have been leaking onto the floor for a long period of time. In addition, Roberts testified that "a lot" of soap was on Canton's leg after the fall. *Roberts Dep.,* pg. 12, 21-22. Yet, there is no evidence that the liquid was leaking or had leaked from the

7

bottle which was observed on the shelf after the fall.

Evidence that Canton had a substantial amount of soap on her pant leg is relevant for determining how long the soap may have been on the floor. *See Williams*, 2008 WL 2714211 at *5 ("Notably, many of the courts ruling against a plaintiff place emphasis on the fact that the plaintiff failed to provide evidence that her clothes were wet after her fall." (citing *Maans v. Giant of Md., LLC*, 871 A.2d 627, 629 (Md. App. 2005); *Barker v. Eagle Food Centers, Inc.*, 634 N.E.2d 1276, 1278 (Ill. App. 1994)). However, this evidence alone does not prove that Kmart should have discovered the spill. Canton must provide additional facts tending to show that the spill had been there for a long enough period of time so that Kmart should have noticed it. *Williams*, 2008 WL 2714211 at *56 ("although William's claim that her jean shorts were soaked may not itself be sufficient, when combined with additional evidence like muddy footprints, it could reasonably lead a jury to conclude that the substance had been on the floor long enough that [the defendant] should have discovered it.")

Canton has provided no additional evidence from which one could conclude how long the soap was on the floor. No one observed the spill before the incident. No footprints or tracks in the soap were seen prior to her fall. After her fall, Canton observed a single skid mark in the spill.

Canton argues that soap on the floor leaked from a partially opened bottle on the store shelf. She claims that because one-quarter of the bottle was missing, it must have been leaking long enough for Kmart to have noticed it. Although a partially opened bottle tends to show the source of the liquid on the floor, it does not address how long the spill had been there. *See, e.g., Hower v. Wal-Mart Stores, Inc.*, Civil Action No. 08-1736, 2009

WL 1688474, at *5 (E.D. Pa. June 16, 2009) (Surrick, J.) ("The spill resulting in the empty bottle could have occurred minutes or even seconds before [the plaintiff's] fall."). In other words, the presence of a quarter-empty bottle of Dial soap still does not tend to show how long the liquid, assuming it came from that bottle, had been on the floor.

Canton argues that, even absent foot marks or tracks, she has presented sufficient circumstantial evidence to permit a jury to conclude that Kmart had constructive notice of the slippery liquid that caused her to fall. Specifically, she points to the lack of any evidence that Kmart inspected the area prior to the accident. Further, Canton argues that Kmart employees routinely fail to report or clean up spills in violation of store policy. However, even if true, this does not establish how long the soap had been on the floor prior to her accident. It shows only that it could have gone undetected for some indefinite period of time which could have been "a few seconds, a few minutes, [or] a few hours." See *David*, 740 F.2d at 236. From this evidence, a fact-finder could only speculate whether Kmart knew or should have known about the hazardous condition. *See, e.g., Larkin v. Super Fresh Food Mkts, Inc.*, 291 F. App'x 483, 485-86 (3d Cir. 2008) ("arguments regarding reasonable precautions that the [defendant] might have taken . . . are insufficient.").

Finally, Canton submits an expert report by Dr. Clyde C. Richard, a mechanical engineer, to argue that her fall could have been prevented if Kmart had properly trained its employees to inspect the store. See Plf's Opp. (Doc. 130) at Ex. 17. He reaches this conclusion without any knowledge or consideration of how and when the soap appeared on the floor. Moreover, he does not opine as to how long the soap had been on the floor prior to Canton's fall. His report, which is based on nothing more than conjecture, does not

save Canton from summary judgment.  *See Larkin*, 291 F. App'x at 485-86.

**Conclusion**

After viewing the facts in the light most favorable to Canton and drawing all reasonable inferences in her favor, we conclude there is insufficient evidence from which a jury could find that Kmart had actual or constructive notice of the substance which she claims caused her to slip and fall.  Therefore, because Canton can not prove an essential element of her cause of action, Kmart is entitled to judgment as a matter of law.